1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8          **CENTRAL DISTRICT OF CALIFORNIA**
9
10                                              )   **Case No.: CV 20-11053-CJC(SKx)**
                                                )
11                                              )
                                                )
12   **ROY YIUN,**                              )
                                                )
13                                              )
              **Plaintiff,**                    )
14                                              )   **ORDER GRANTING IN**
         **v.**                                 )   **SUBSTANTIAL PART PLAINTIFF'S**
15                                              )   **MOTION FOR DEFAULT**
                                                )   **JUDGMENT [Dkt. 15]**
16   **840 FAIRFAX OWNER LLC and**              )
     **DOES 1 through 10,**                     )
17                                              )
                                                )
18            **Defendants.**                   )
                                                )
19                                              )
                                                )
20                                              )
21   _____
22   **I.  INTRODUCTION & BACKGROUND**
23
24        On December 4, 2020, Plaintiff Roy Yiun filed this lawsuit against Defendant 840
25   Fairfax Owner LLC and unnamed Does, alleging violations of the Americans with
26   Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"),
27   California's Disabled Persons Act, California's Unfair Competition Law, and a
28   negligence claim.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff, who uses a

wheelchair for mobility, alleges that he visited Defendant's restaurant in July and August 2020.  (*Id.* ¶¶ 4–5, 9.)  He further alleges that the restaurant failed to provide an accessible parking space and path of travel.  (*Id.* ¶ 10).  On January 15, 2021, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim as well as his related state law claims, leaving only his ADA claim for injunctive relief.  (Dkt. 11.)

After Defendant failed to appear in this action and the clerk entered default against it, Plaintiff filed the instant motion for default judgment.  (Dkt. 15 [hereinafter "Mot."].)  For the following reasons, the motion is **GRANTED IN SUBSTANTIAL PART**.[1]

## II. DISCUSSION

### A. Jurisdiction and Service of Process

In considering whether to enter default judgment against a defendant, a court must first determine whether it has jurisdiction over the subject matter and the parties.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Courts must also determine whether there was sufficient service of process on the party against whom default judgment is requested.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

The Court has federal question jurisdiction over Plaintiff's sole remaining ADA claim.  *See* 42 U.S.C. §§ 12101, *et seq.*  It has personal jurisdiction over Defendant because Defendant owns a business or the property of a business located in this District.  (Compl. ¶ 5.)  And there has been adequate service of process pursuant to the Federal

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 21, 2021, at 1:30 p.m. is hereby vacated and off calendar.

Rules of Civil Procedure as Defendant was served by personal service with the summons and complaint on February 4, 2021.  (Dkt. 12.)

## B. Procedural Requirements for Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure and this Court's Local Rule 55-1 require that applications for default judgment set forth the following information: "(1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Here, the procedural requirements for default judgment have been satisfied: (1) the clerk entered default against Defendant on April 19, 2021, (Dkt. 14); (2) default was entered as to the Complaint, (*id.*); (3) Defendant is neither an infant nor incompetent, (Dkt. 15-2 [Declaration of Jason Kim, hereinafter "Kim Decl."] ¶ 3); and (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*).  The fifth requirement, notice of the instant motion, does not apply because Defendant failed to appear in this action.  Fed. R. Civ. P. 55(b)(2).  Nevertheless, Plaintiff served notice of its motion for default judgment on March 19, 2021.  (Dkt. 15-5.)

## C. Merits of the Motion for Default Judgment

After entry of default, a court may grant a default judgment on the merits of the case.  Fed. R. Civ. P. 55(a)–(b).  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

A court may consider the following factors articulated in *Eitel v. McCool* in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471–72 (9th Cir. 1986).  Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  Here, the *Eitel* factors weigh in favor of default judgment.

## 1.  Possibility of Prejudice to the Plaintiff

The first *Eitel* factor requires the Court to consider the harm to the plaintiff if the Court does not grant default judgment.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  This factor weighs in Plaintiff's favor because, without a default judgment, he would lack any other recourse for recovery since Defendant has failed to appear or defend this suit.  *See Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").

//

**2. & 3.  The Merits of the Claim and the Sufficiency of the Complaint**

The second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [he] may recover." *Philip Morris*, 219 F.R.D. at 498. The Court finds that the Complaint adequately states a claim for violation of the ADA.

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily available." *Id.* § 12182(b)(2)(A)(iv). To prevail on a discrimination claim, "the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

First, Plaintiff asserts that he has a physical disability that substantially limits his ability to walk and requires him to use a wheelchair for mobility. (Dkt. 15-3 [Declaration of Roy Yiun, hereinafter "Yiun Decl."] ¶ 2.) This sufficiently sets forth a disability, which includes "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Second, Plaintiff alleges that Defendant owns a restaurant or the premises of a restaurant that is open to the public. (Compl. ¶¶ 2–4.) This adequately establishes that Defendant owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12181(7)(B). Finally, Plaintiff asserts that upon visiting the restaurant, he was discriminated against because Defendant failed to provide a properly-designated accessible parking space marked with an accessibility symbol and proper signage. (Compl. ¶ 10; Yiun Decl. ¶¶ 4–6.) He also asserts that the parking space

lacked a compliant access aisle.  (Compl. ¶ 10; Yiun Decl. ¶¶ 4–6.)  This is sufficient to establish that Plaintiff was denied equal access to a public accommodation because of his disability.  *See* 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv).  Accordingly, the second and third *Eitel* factors weigh in favor of entering default judgment on Plaintiff's ADA claim.

### 4.  The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of [the defendants'] conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).  Here, Plaintiff seeks $4,440 in attorneys' fees and costs for his ADA claim.  (Kim Decl. ¶ 6.)  This relatively low sum of money, when viewed in light of the alleged ADA violations, weighs in favor of default.

### 5. & 6.  The Possibility of a Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute as to material facts and whether the defendant's failure to litigate is due to excusable neglect.  When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  There is also no indication that Defendant's default was due to excusable neglect because it failed to appear despite being served with the Complaint.  *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect.").  Given that Plaintiff's factual allegations are taken as true and Defendant has failed to

oppose Plaintiff's motion, the Court is not aware of any factual disputes that would preclude entry of default judgment.

### 7. The Public Policy Favoring Decisions on the Merits

Because public policy dictates that courts prefer to rule on the merits, this factor will always weigh against granting a motion for default judgment. "The mere enactment of Rule 55(b), however, indicates that 'this preference, standing alone, is not dispositive.'" *Prinko Image Co.*, 2018 WL 6264988, at \*3 (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177). Indeed, Defendant's choice not to defend itself renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Because all of the other *Eitel* factors weigh in Plaintiff's favor, the Court will exercise its discretion and grant Plaintiff's motion for default judgment.

### D. Relief Sought

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. Plaintiff carries the burden of proving his requests for relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Here, Plaintiff seeks a permanent injunction, attorneys' fees, and costs.

### 1. Injunctive Relief

Plaintiff first seeks an injunction directing Defendant to provide ADA-compliant parking spaces and paths of travel. When, as in this case, an injunction is "sought to prevent the violation of a federal statute which specifically provides for injunctive relief," the standard requirements for equitable relief need not be satisfied. *See Antoninetti v.*

*Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175–76 (9th Cir. 2010) (quotations and citations omitted).

The ADA permits injunctive relief to "alter facilities to make [them] readily accessible." 42 U.S.C. §12188(a)(2). Whether a facility is "readily accessible" is defined, in part, by the ADA Accessibility Guidelines ("ADAAG"). *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). As discussed above, Plaintiff has stated a viable ADA claim through his assertions that the restaurant violates the ADAAG by failing to provide a properly-marked accessible parking space with a compliant access aisle. Injunctive relief compelling Defendant to remove these barriers is therefore appropriate. *See Vogel*, 992 F. Supp. 2d at 1015.

## 2. Fees and Costs

Next, Plaintiff seeks $4,000 in attorneys' fees and $440 in costs. (Kim Decl. ¶ 6.) In ADA cases, the Court calculates attorneys' fees using the lodestar approach. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation and quotations omitted). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (quotation omitted).

Plaintiff's fee request is based upon eight hours of work performed at a rate of $500 per hour by attorney Jason Kim. (Kim Decl. ¶ 6.) "In establishing the reasonable hourly rate, the Court may take into account: (1) the novelty and complexity of the issues;

(2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015). Based on these factors, the Court finds that Mr. Kim's requested rate is excessive.

The issues in this case are not novel or complex. Construction-related accessibility litigation takes up over one-quarter of the Central District of California's civil caseload. This sort of litigation is "entirely boilerplate" in nature, and Plaintiff's counsel routinely file "carbon-copy complaints." *Tate v. Deoca*, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (collecting cases filed and cautioning against awarding counsel a windfall for such copy-and-paste work); *Fernandez v. Golen*, 2020 WL 2113673, at *6 (C.D. Cal. May 4, 2020) (same); *see Perri v. D & R Rest., Inc.*, 2020 WL 2036656, at *3 (C.D. Cal. Jan. 28, 2020) (referencing the "boilerplate nature of much of th[e] work" in a construction-related accessibility case). As counsel's billing records show, much of the work could have been performed by less senior attorneys. (*See* Billing Statement); *Lopez v. Silva*, 2020 WL 2619163, at *3 (C.D. Cal. Apr. 16, 2020). For these reasons, courts in this Circuit routinely reduce rates for counsel on similar applications for default judgment to "$425 per hour for partner-level attorneys . . . , between $300 and $350 for mid-level attorneys . . . , and $250 per hour for more junior attorneys." *See Lopez*, 2020 WL 2619163, at *3–4; *Johnson v. AutoZone, Inc.*, 2019 WL 2288111, at *6 (N.D. Cal. May 29, 2019) (awarding these rates and collecting cases). Moreover, neither Plaintiff nor Mr. Kim are strangers to this type of litigation. In the twelve months preceding the filing of this complaint, Plaintiff has filed at least 10 construction-related ADA cases, (Dkt. 10-2), and Mr. Kim's firm has represented at least 10 high-frequency litigant plaintiffs, (Dkt. 10-1). Given these realities, the Court is skeptical that $500 is a reasonable hourly rate, especially on default judgment. *Langer v. Kha Dinh Nguyen*, 2019 WL 7900270, at *6 (C.D. Cal. Nov. 27, 2019) ("[T]he Court is skeptical that an ordinary ADA case *on default judgment* justifies work at an hourly rate of $425."). "The Court recognizes the

time necessary to prepare filings in this matter and to investigate and identify the proper defendant[], but this litigation is not particularly complex or laborious, nor has it been litigious as Defendant[] failed to answer." *Rutherford v. JJ's Mkt. & Liquor*, 2020 WL 883220, at *6 (C.D. Cal. Feb. 24, 2020).

Nor does counsel offer any evidence that his special skill or experience were required in this case. The only facts that Mr. Kim offers in favor of his $500 billing rate are that he has been in practice for over 20 years and he has substantial experience litigating disability cases. (Kim Decl. ¶ 2.) But much of this experience was not needed here as Defendant has not answered and there was no significant discovery, motion practice, or hearing in this case.

After weighing these factors, the Court concludes that a rate of $300 is a more reasonable hourly rate for Mr. Kim. *See Langer*, 2019 WL 7900270, at *6 (concluding, based on the Court's experience and judgment, that a blended rate of $300 would reflect an appropriate use of attorneys and paralegals to perform the work required to take that ADA case from complaint to judgment); *see also JJ's Mkt. & Liquor*, 2020 WL 883220, at *6 (reducing the requested lodestar by 50% and awarding $2,053 in attorneys' fees "[i]n light of the redundancy of work, familiarity with [plaintiff], expertise in the area of law, and straightforward nature of the case involved for the extensively-trained attorneys").

Having determined the reasonableness of the rates, the Court will next address whether the time Mr. Kim spent on this case was reasonable. Mr. Kim has submitted a declaration which states that he spent 8 hours litigating this case. (Kim Decl. ¶ 6.) The declaration identifies several tasks that he completed but does not indicate how much time was spent on each task. Reasonable hours expended on a case are hours that are not "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d

Case 2:20-cv-11053-CJC-SK   Document 16   Filed 06/07/21   Page 11 of 11   Page ID #:92

1097, 1102 (9th Cir. 2009) (citation omitted).  Because counsel's declaration does not provide a detailed breakdown of the time spent on each task in this case, the Court is unable to fully determine whether the time spent on this case was reasonable. Furthermore, the Court finds eight hours billed to this matter unreasonable given the boilerplate nature of the Complaint and motion for default judgment as well as the fact that there was no opposition.  All Mr. Kim did in this case was revise a form complaint, respond to the Court's standard order to show cause regarding supplemental jurisdiction, ask the clerk to enter default, and move for default judgment.  It should have taken Plaintiff's counsel no more than 4 hours to perform these tasks.  Accordingly, the Court will impose a 50% reduction on time spent.  After this reduction, counsel is left with 4 hours at a rate of $300, for a total of $1,200 in attorneys' fees.

Plaintiff also seeks to recover $440 in filing fees and service costs.  (Kim Decl. ¶ 6.)  The Court finds these costs to be reasonable and awards Plaintiff $440 in costs.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED IN SUBSTANTIAL PART**.  Plaintiff is awarded (1) injunctive relief requiring Defendant to create an ADA-compliant parking space and access aisle and (2) attorneys' fees and costs of $1,640.00.  A judgment consistent with this Order will be issued forthwith.

DATED:     June 7, 2021

CC: FISCAL

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

-11-